**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SOMALTUS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| CUMMINS, INC. and CUMMINS POWER GENERATION, INC., | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff Somaltus LLC ("Plaintiff" or "Somaltus") files this Complaint against Cummins, Inc. and ("CI") and Cummins Power Generation, Inc. ("CPGI") (collectively, "Defendants" or "Cummins") for infringement of United States Patent No. 7,657,386 (hereinafter "the '386 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

4. On information and belief, defendant CI is an Indiana corporation having a place of business at 500 Jackson Street, Columbus, Indiana 47201. On information and belief,

defendant CPGI is a U.S. corporation having a place of business at 1400 73rd Ave. NE, Minneapolis MN USA 55432.

5. This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas. Upon information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this District. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,657,386)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '386 patent with sole rights to enforce the '386 patent and sue infringers.

10. A copy of the '386 Patent, titled "Integrated Battery Service System," is attached hereto as Exhibit A.

11. The '386 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12. Upon information and belief, Defendants have infringed and continue to

infringe one or more claims, including at least Claim 8, of the '386 patent by making, using, importing, selling, and/or offering for sale portable power generation systems covered by one or more claims of the '386 Patent.

13. Defendants sell, offer to sell, and/or use power generation systems including, without limitation, the Cummins Energy Command (EC-30) power generation system (the "Product"), for example, and any similar devices, which infringe at least Claim 8 of the '386 Patent.

14. On information and belief, the Product controls charge signals when it charges batteries. For example, at Defendants' website at:

https://power.cummins.com/sites/default/files/900-0541B.pdf

product literature is provided describing certain details regarding the Product. The product literature indicates that the "EC-30 automatically starts the genset when the battery becomes discharged . . . " And, "[w]hen the batter is charged, or the HVAC system no longer requires power, the genset is automatically turned off." This functionality dictates that charge signals are controlled by the Product.

15. The functionality of the Product includes detecting a current battery output level of the battery. For example, to start the generator (charger) when a batter reaches a specific voltage, the Product detects the current battery output level. To turn off power when the battery is charged, the Product likewise must detect the current battery output level. This functionality is likewise described in the product literature regarding the Product.

16. The Product also accesses a target charge level. For example, to shut off the power, the Product must access a target charge level, such as a "full charge" level. The product literature regarding the Product describes this functionality as "[t]he STOP @ V is the

voltage to which the house battery must rise to cause the genset to automatically stop due to a full battery."

17. The Product compares the current battery output level and the target charge level. For example, in order to shut of the power at the "STOP @ V" level, the Product must compare the current battery output level to the target level (the STOP @ V level).

18. The Product alters a charge signal by adjusting an on/off period of an AC power source to a transformer coupled to the battery. For example, on information and belief, the Product is, or includes, an AC power source to a transformer. The Product is coupled to a battery for charging. The Product "alters the charge signal by adjusting an on/off period" by, for example, automatically turning on the power source to deliver power to the battery when a certain battery output level (e.g., "START @ V") is reached and automatically turning off the power when a certain battery output level (e.g., "STOP @ V") is reached.

20. Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

21. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendants, their agents, officers, servants,

employees, attorneys, and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 7,657,386 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

   (c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

   (d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

   (e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 12, 2017                    Respectfully submitted,


                                           */s/Jay Johnson*
                                           **JAY JOHNSON**
                                           State Bar No. 24067322
                                           **D. BRADLEY KIZZIA**
                                           State Bar No. 11547550
                                           **KIZZIA JOHNSON, PLLC**
                                           1910 Pacific Ave., Suite 13000
                                           Dallas, Texas 75201
                                           (214) 451-0164
                                           Fax: (214) 451-0165
                                           jay@kjpllc.com
                                           bkizzia@kjpllc.com

                                           **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A